(56 South. 663.)

No. 18,601.

HARLESS v. HARLESS.

(Nov. 27, 1911.)

*(Syllabus by Editorial Staff.)*

DIVORCE (§ 129*)—SUFFICIENCY OF EVIDENCE —ADULTERY.

In an action for divorce on the ground of adultery, evidence *held* to sustain a judgment for defendant.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 411–441; Dec. Dig. § 129.*]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

Action by Lucy Harless against Oscar Harless. From a judgment for defendant, plaintiff appeals. Affirmed.

Stewart & Stewart, for appellant. T. A. Edwards, for appellee.

MONROE, J. This is a suit for divorce on the ground of adultery. Defendant denies the charge, with emphasis, and alleges that he and his wife lived a happy life, until she was influenced, by her father and brother, through fraud and false pretenses, to leave him. He further alleges that she is kept away from him by coercion, threats, and other wrongful and unlawful means, and that he has been, at all times, ready and willing to receive and provide for her.

We gather from the record that the litigants are very young, mere boy and girl; that they were married on March 29, 1910, and went to live at a sawmill camp, near the town of De Ridder, where plaintiff, no doubt, found her surroundings rough and unlike those to which she had been accustomed; that on May 16th following the defendant visited the city of Lake Charles, and there met a young man of his acquaintance, with whom, in the language of the young man, he proceeded to "take in the town," and, while so doing, visited one or two houses of prostitution. There is some suggestion, rather in the questions asked the witnesses than in the testimony given by them, that some one of defendant's acquaintances brought about the situation from motives of his own, and that, at one of the houses, defendant was "shoved" into a room with one of the inmates of the house, and the door closed, and perhaps locked, for a few minutes. However that may be, defendant visited the houses with a party who did some drinking and made some noise; but the evidence utterly fails to show, and, as we think, disproves the charge, that he committed adultery. In fact, our conclu-

sion is that, although his going at all was inexcusable, he did not go for that purpose. When the matter was brought to the knowledge of the young wife, she very naturally felt outraged, and brought this suit. The charges which the defendant brings against her father and brother are utterly unsupported by proof, and are, in the main, affirmatively disproved. The learned judge a quo, finding that the charge of adultery, brought against the defendant, was not sustained by the facts, rejected plaintiff's demand. We concur in the conclusion so reached.

Judgment affirmed.